[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14955
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 19, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-20238-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK ZAMORE,
a.k.a. Coach,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 19, 2010)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Patrick Zamore appeals his 57-month sentence imposed following his guilty

plea to conspiracy to distribute a mixture or substance containing 50 grams or more of crack cocaine, as well as detectable amounts of powder cocaine and marijuana, in violation of 21 U.S.C. § 846. On appeal, Zamore argues that his sentence was unreasonable in light of the 18 U.S.C. § 3553(a) factors and the district court's failure to sentence him based on a "1-to-1" crack-to-powder cocaine ratio. After review, we discern no error and affirm.

We review the sentence imposed, whether inside or outside of the advisory Guidelines range, for reasonableness, using an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).

When reviewing a sentence, we must first determine that the "district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range." *Id*. The district court need not state on the record that it explicitly considered each factor and need not discuss each factor. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under

*Booker*." *Id.* Zamore does not argue that his sentence was procedurally unreasonable; therefore, we deem any such challenge abandoned.[1] *See United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998) (issue not pursued on appeal deemed abandoned).

Substantively, the sentence must be sufficient, but not greater than necessary, to reflect the purposes set forth in § 3553(a). 18 U.S.C. § 3553(a). The factors in 18 U.S.C. § 3553(a) are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (citing 18 U.S.C. § 3553(a)). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court," and this Court "will not substitute [its] judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (internal quotation marks omitted).

---

[1] We treat Zamore's claim that the district court erred by failing to vary downward and impose a sentence based on a "1-to-1" crack-to-power ratio as a challenge to the substantive reasonableness of his sentence and not the calculation of the applicable Guidelines range.

We will remand for resentencing only "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (internal quotation marks omitted).

Neither this court nor the Supreme Court has held that a district court abuses its discretion by refusing to vary downward and impose a sentence for a crack cocaine offense based on a "1-to-1" crack-to-power cocaine ratio. In *Kimbrough v. United States*, the Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." 552 U.S. 85, 110, 128 S. Ct. 558, 575 (2007). And in *Spears v. United States*, the Supreme Court made clear that district courts have the discretion to categorically vary from the crack-cocaine Guidelines. __ U.S. __, __, 129 S. Ct. 840, 843-44 (2009) ("[D]istrict courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines."). These cases stand for the proposition that a district court does not abuse its discretion by varying downward from the crack-cocaine Guidelines whether it does so only in particular cases or

4

categorically. They do not, however, impose a general obligation to vary downward from the crack-cocaine Guidelines such that a failure to do so is necessarily an abuse of discretion.

Looking to this particular case, the district court acknowledged Zamore's argument that a variance based a "1-to-1" crack-to-powder ratio was appropriate and was necessary to avoid sentencing disparities. The district court also acknowledged its authority to vary downward based on the crack/powder ratio, but gave several reasons why it felt such a variance was not appropriate in this case. The district court noted that Zamore played a more responsible role than others in the conspiracy and that he had been involved with more drugs than were counted in his Guidelines calculation. Both facts are relevant, at the least, to the circumstances and seriousness of the offense, and are thus relevant to the § 3553(a) factors. The district court weighed these factors against Zamore's request for a variance based on the crack/powder disparity and concluded that a 57-month sentence was appropriate. Nothing in the record indicates that the district court abused its considerable discretion in weighing these factors or that this sentence lies outside the reasonable range of sentences based on the facts of this case. Thus, we conclude that Zamore's sentence is substantively reasonable. Accordingly, the sentence is affirmed.

AFFIRMED.